## BURNELL *vs.* GREGORY.

*Twelfth Judicial District Court, June, 1857.*

### FORCIBLE ENTRY.—DEMAND.—SUB-TENANT.

Forcible entry and detainer cannot be extended to any but the real occupants.

A demand of rent must specify the amount due.

One obtaining possession of property from a lessee, by collusion, holds under the lessee.

George Scott and Christopher Hutchinson, on 4th of May, 1855, leased to George D. Gregory by parol lease, from month to month, certain premises on the south-east corner of Howard and Hubbard

streets. The property was then in possession of Thompson, as tenant of Lawrence Webb, the executor of Wembom, who also claimed the fee. Gregory took possession and a few weeks after was evicted by Webb. He then brought suit for forcible entry and detainer, obtained judgment, and the case was appealed, pending which Gregory was paid a sum of money by Thompson to retain possession.

July 24th, 1856, Scott and Hutchinson sold to plaintiff, who brought this suit as above.

Trial by the Court. Upon plaintiff's counsel closing his case, defendant's counsel made a motion to dismiss proceedings.

*H. B. Janes*, for plaintiff.

*R. C. & D. Rogers*, for defendant.

NORTON, J.—This case has been certified to this Court from a Justice's Court, upon the question of title. I am not sure that this Court has jurisdiction. The action of forcible entry and detainer is regulated by statute, which provided that when the title is involved, the Justice shall proceed no farther. It is questionable whether this suit has been properly certified, but as I shall decide this case on another ground, it is unnecessary to pass upon this.

The defendants, Haynes and Gregory, are improperly joined; upon the ruling of the Supreme Court in Treat *vs.* Stuart & Bowman, 5 Cal. R., 113, Thompson alone being in possession.

This suit was brought by a landlord, not against a tenant entering and detaining from him, but against a person entering and detaining from his lessee. The lessee, whose lease has not expired, might have brought forcible entry and detainer, but the landlord cannot under the circumstances. It appears that there has been some collusion between the landlord's lessee, and the person in possession. I should say that when persons gain possession of property by any collusion whatever, with a lessee, they hold under the lessee.

There are certain forms prescribed by law in cases of this kind, one of which is, a demand for rent in writing, three days before suit. The demand in this case is defective in not specifying the amount of rent due. The requirements of the law were not therefore complied with in this case.

Judgment for the defendant.